UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABDO NAGI AHMED AL MULAIKI and
15908 DELI GOURMET CORP.,

                          Plaintiffs,                COMPLAINT

           -against-                           Case No.:

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                          Defendants.
------------------------------------------------------------x

      The Plaintiffs, ABDO NAGI AHMED AL MULAIKI and 15908 DELI GOURMET CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

      1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, and Food and Nutrition Service (7 CFR § 279.7).

      2. The Plaintiff, ABDO NAGI AHMED AL MULAIKI, resides in the County of New York, City and State of New York and submits his Declaration of Plaintiff attached hereto and annexed as part hereof.

      3. The Plaintiff, 15908 DELI GOURMET CORP., is a corporation organized under laws of the State of New York, with its principal place of business located at No. 159-08 Harlem River Drive, New York, New York 10039 wherein it owns and operates a retail deli/grocery/convenience store.

1

4. The Plaintiff, ABDO NAGI AHMED AL MULAIKI is the sole proprietor of 15908 DELI GOURMET CORP., in which he has invested his life savings to purchase and renovate this store premises with the installation of new furnishings, fixtures and equipment necessary for the operation of a retail deli/grocery/convenience store.

5. After establishing this business, under the name of 15908 DELI GOURMET CORP., on or about December 21, 2021 the Plaintiffs submitted an application to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as retail owners in the Food Stamp Program/Supplemental Nutrition Assistance Program (SNAP). The Plaintiff's application was approved by the Defendants in March, 2022. Prior to the incidents that gave rise to this proceeding, the Plaintiffs performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program (SNAP) has been exemplary and unblemished.

6. By letter of charges, dated February 8, 2024, the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits (SNAP) in exchange for merchandise, which, in addition to eligible foods, include "common non-food items" on three (3) separate occasions, copy of said letter is annexed hereto as Exhibit "A".

7. The Defendant's attached a Report of Positive Investigation with Investigative Transaction Reports to said letter indicating that on three (3) occasions during a period of seven (7) days, from December 1, 2023 thru December 7, 2023, ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months, or the imposition of a Civil

Money Penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiffs, through their attorney submitted a reply dated February 23, 2024, refuting the allegations of violations of the SNAP, also stating that should a six (6) month disqualification from SNAP be imposed, the store would suffer economically and would be a hardship to the community and requested an offer of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification, copy of said letter is annexed hereto as Exhibit "C".

9. By letter dated May 23, 2024, signed by Jocelyn Keh, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program (SNAP), issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as result of the violations set forth in the letter of charges and Transaction Reports and refused to offer Plaintiffs a Hardship Civil Money Penalty in lieu of a six (6) month disqualification from the SNAP, copy of said letter is annexed hereto as Exhibit "D".

10. In response to the Defendant's determination, Plaintiffs, through counsel submitted a reply dated May 5, 2024, appealed the Retailer Operations Division's determination by requesting an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months and requested that Defendants offer a Hardship Civil Money Penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "E".

11. The Defendants have now rendered a Final Agency Decision sustaining the decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter signed by Rich Proulx, Administrative Review Officer, dated September 30, 2025 delivered on November 20, 2025, wherein they refused to offer Plaintiff a Hardship Civil Money Penalty in lieu of a six (6) month period of disqualification, a copy of which is annexed to the Complaint in this action as Exhibit "F".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program (SNAP) for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves and be given due process.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, to disqualify Plaintiffs from SNAP, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the

4

United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program (SNAP).

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the three (3) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "A", "B" and "C", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "A", "B" and "C".

(c) The redaction in the Investigative Reports and the failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations (SNAP).

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred approximately two (2) months prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program (SNAP) since 2022.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program (SNAP) for a period of six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained is excessive and punitive.

(c) That according to Defendant's own records during a period of seven (7) days, from December 1, 2023 thru December 7, 2023, ineligible items were allegedly sold were inexpensive and were of negligible value and negligible profit, after six (6) undercover visits to the store.

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the charge of selling common ineligible non-food items as alleged in the Investigation Transaction Reports are incredible and untrustworthy.

20. It is important to note that during none of the visits to the store did the FNS "Investigator" videotape or audio record his or her attempt to entrap the employees of this firm into accepting Supplemental Nutrition Assistance Program (SNAP) Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food item or his or her failed attempts to engage in "trafficking" to wit, exchanging SNAP benefits for cash.

21. It is also important to note that it is admitted by the FNS that the Investigator of the failed attempt by the FNS Investigator to entrap the clerk in accepting SNAP benefits in exchange for cash on December 7, 2023, as noted in Exhibit "C" when the Investigator "asked the clerk if he give him cash back off his EBT card to which the clerk said no." Based on the totality of the evidence, it is clear that that the penalty imposed on this owner is unduly harsh and excessive and the actions of the agency are coercive and unconscionable.

22. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

1. On December 1, 2023, two (2) Rolls of "Scott" Unscented Bath Tissue (1000 One-Ply Sheets Per Roll), no price indicated, as noted in Exhibit "A".

2. On December 5, 2023, one (1) Roll of "Plenty" Ultra-Premium Paper Towel (90 2-Ply Sheets), no price indicated and one (1) Unpackaged BIC lighter (1count), no price indicated, as noted in Exhibit "B".

3. On December 7, 2023, one (1) Tub of "Vaseline" light hydrating jelly (100 ml), no price indicated as noted in Exhibit "C".

23. That where there is no value ascribed to the common non-food items alleged to have been exchanged for SNAP benefits, there can be no determination that SNAP violations occurred and cannot meet the standard of proof, to wit, a preponderance of evidence. This is particularly

7

true compared to the failed attempt by the FNS Investigator in his or her attempts to induce the employee accept SNAP benefits in exchange for cash on December 7, 2023, as noted in Exhibit "C".

24. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for an unknown but certainly meager sum which would have been earned by the sale of these ineligible items.

25. It is further alleged that the Defendants targeting this particular store and firm with no history of SNAP violations and attempting to entrap these particular employees working as cashiers and/or clerks with limited knowledge of English, who had initially refused to engage in requested violations is patently unethical and prejudicial.

26. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", even if it did occur as alleged, will result in irreparable injury and damage to the Plaintiffs if this disqualification is imposed.

27. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program (SNAP) is arbitrary and capricious and is in violation of the Defendants' own Regulations.

28. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify Plaintiffs from the Supplemental Nutrition Assistance Program SNAP) for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
November 24, 2025

8

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 2306
New York, New York 10013
(917) 733-7701